NORTHERN NECK STATE BANK v. SMITH.

(Circuit Court of Appeals, Fourth Circuit. May 26, 1913.)

No. 1,147.

BANKRUPTCY (§ 303*)—VOIDABLE PREFERENCE—KNOWLEDGE AND INTENT OF PARTIES.

    A finding by a court of bankruptcy that a deed executed by a bankrupt within four months prior to his bankruptcy, was made when he was insolvent, as security for an antecedent indebtedness, and was accepted by the grantee with reasonable cause to believe that the bankrupt intended to thereby give a preference, *held* supported by the evidence.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. § 303.*]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; Edmund Waddill, Judge.

Suit in equity by E. Hugh Smith, trustee in bankruptcy of G. Milton Sydnor, against the Northern Neck State Bank and others. Decree for complainant, and defendant bank appeals. Affirmed.

---

John A. Lamb, of Richmond, Va., and Charles L. Page, of Manchester, Va., for appellant.

W. D. Cardwell, of Richmond, Va., for appellee.

Before PRITCHARD, Circuit Judge, and KELLER and CONNOR, District Judges.

PER CURIAM. E. Hugh Smith, trustee in bankruptcy of the estate of G. Milton Sydnor, bankrupt, instituted a suit in equity against the Northern Neck State Bank, a corporation, Norah L. Sydnor, and G. Milton Sydnor, having for its object the cancellation or annulment of a deed made by the individual defendants to the corporate defendant, and bearing date on the 9th day of December, 1909, but which seems to have been actually made and acknowledged on the 10th day of December, 1909.

This deed, while absolute on its face, reciting a consideration of $10,300, was really intended as a mortgage to secure the payment of antecedent indebtedness to the bank of $9,000, and prior to the institution of this suit the corporate defendant had instituted a suit in the circuit court of the county of Richmond, Va., against the bankrupt and his trustee for the purpose of obtaining a sale of the property described in the deed, and the application of the proceeds to the payment of the indebtedness intended to be secured by the deed, to wit, the said sum of $9,000.

The essential charge is made in the bill that the corporate defendant accepted the said deed as security for the pre-existing indebtedness due to it, knowing and "having reasonable cause to believe that it was intended thereby to give a preference to the said bank, a creditor of the said Sydnor, over the other creditors of the said bankrupt." G. Milton Sydnor was adjudicated a bankrupt on the 4th day of January, 1910, so that the deed was made within four months of his adjudication.

The corporate defendant answered the bill, and, while admitting most of its allegations of fact, denied that it accepted the said deed "knowing and having reasonable cause to believe that it was intended thereby to give this respondent a preference over the other creditors of said Sydnor."

All the evidence taken upon the issue joined was submitted to the trial court, which reached the conclusion that the agent of the corporate defendant (to wit, its president, J. W. Chinn, Jr., who was also a lawyer and prepared the deed sought to be set aside) had reasonable cause to believe that, at the time this deed was made, it was intended to create a preference in favor of the bank, and that the said deed should be annulled and set aside; and a decree in conformity with said conclusion was accordingly entered on November 6, 1912, from which decree this appeal was taken in open court.

The only error assigned is in holding that the deed effected a preference, and that the beneficiary had reasonable cause to believe that a preference was intended at the time of the execution and delivery thereof.

After carefully reviewing the evidence as contained in the record, we are quite convinced that the learned trial judge was fully justified in the conclusion reached by him, and that the decree was without error. That the deed was given to secure an antecedent indebtedness is beyond all question. That Mr. Sydnor was insolvent when the deed was made is equally beyond question; and, indeed, if his evidence is to be taken as true, he clearly made known his condition to Mr. Chinn before the deed was drawn.

But, aside from the statements of Mr. Sydnor, the record contains other significant facts and circumstances coming to the knowledge of Mr. Chinn, which we think were amply sufficient to afford him reasonable cause to believe that a preference was intended, and thus to have put him upon diligent inquiry, which would have *surely* disclosed the truth.

Affirmed.